**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**LOCAL 3, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL–CIO, Respondent.**

**No. 213, Docket 27851.**

United States Court of Appeals Second Circuit.

Argued Oct. 23, 1964.

Decided Dec. 18, 1964.

Solomon I. Hirsh, Atty., National Labor Relations Board, Washington, D. C., (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Robert G. Sewell, Atty., National Labor Relations Board, Washington, D. C., on the brief), for petitioner.

Harold Stern, New York City (Norman Rothfeld, New York City, on the brief), for respondent.

Before FRIENDLY, KAUFMAN and ANDERSON, Circuit Judges.

PER CURIAM:

This petition first came before this Court in 1963 when it was remanded for further consideration by the Board in the light of this Court's opinion, 317 F. 2d 193. After deliberating on the evidence received at the first hearing and applying the construction of the statute delineated in our opinion, the Board again concluded that there had been a violation of § 8(b) (7) (C) and that an order should issue against Local 3. It petitioned again for enforcement; and the respondent, Local 3, seeks to have this Court dismiss the petition.

Local 3 bases its attack first, on its claim that the Board misinterpreted and drew unwarranted inferences from the evidence. These objections are directed at the Board's fact finding function, but we believe its factual conclusions are supported by substantial evidence on the record as a whole. In the Union's second ground of attack, it as-

:serts that any deviation from the kind of picketing which was permissive under the second proviso of § 8(b) (7) (C), was so slight and insubstantial that the Board was not justified in concluding that Local 3's picketing, as a whole, fell outside the protection of the second proviso. It is true that the instances of non-permissive picketing were few, but we cannot say that they were too minor and inconsequential to support the Board's conclusion that the picketing was for a purpose other than "truthfully advising the public" that the employer was non-union. The Board's order is only designed to prohibit non-privileged picketing and does not prevent the Union from carrying on activities of a permissive informational nature.

That § 8(b) (7) (C), in effect, proscribes certain picketing, under particular circumstances which come within a valid and specifically defined policy enunciated by Congress, does not violate the First Amendment to the Constitution of the United States. Local Joint Board, Hotel and Restaurant Employees, etc. v. Sperry, 323 F.2d 75, 79 (8th Cir. 1963).

Enforcement of the order is granted.